**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HELEN D. MARTIN, *Pro Se* | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **C.A. No.: 06-303 (GMS)** |
| | : | |
| PACHULSKI, STANG, ZIEHL, | : | |
| YOUNG & JONES, P.C., | : | |
| | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of April 2007 have caused a true and correct copy of the

attached Motion to Dismiss BY MAIL on:

> Helen D. Martin, *Pro Se*
> 3 East 24th Street
> Wilmington, DE 19802

**RICHARD R. WIER, JR., P.A.**

Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro Se*       :
                           :
         Plaintiff        :
                           :
         v.              :      **C.A. No.: 06-303 (GMS)**
                           :
PACHULSKI, STANG, ZIEHL,    :
YOUNG & JONES, P.C.,        :
                           :
         Defendant   :

## MOTION TO COMPEL

Now comes the Defendant, Pachulski, Stang, Ziehl, Young and Jones, P.C., by and through counsel, pursuant to Fed R.Civ. Pro. 37 (2) which moves this Court for an Order compelling the Plaintiff to appear for a deposition and to respond to discovery including responding to the Mandatory Disclosures required by Fed R.Civ Pro 26 (a).

The basis for this motion is as follows:

1. On May 8, 2006, Plaintiff, Helen Martin filed a pro se complaint against Defendant after receiving a Dismissal and Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission dated February 6, 2006. [Ex. A.]

2. On November 24, 2006, Defendant, through counsel, filed its Answer to the Complaint. [Ex. B.]

3. On November 27, 2006, the parties received notification of the filing as well as a copy of the Court's Scheduling Order. In compliance with the Scheduling Order, Defendant filed its Mandatory Disclosures pursuant to Fed. R. Civ. P. 26(a) on December 6, 2006. [Ex. C] To date, Plaintiff, Helen Martin, has not complied with that Scheduling Order by filing her Mandatory Disclosures although counsel for the Defendant spoke with her and advised her that she needed to file said answers.

4. On January 16, 2007, Defendant filed a Notice of Deposition for Plaintiff to take place on January 31, 2007. [Ex. D.]  She was served with that notice.[Ex. E].

5. Plaintiff, Helen Martin, contacted Defendant's attorney on January 25, 2007 to advise that she would not attend the deposition on January 31, 2007.

6. Defendant, in a good faith effort to avoid court action, attempted to confer with the Plaintiff to discuss her failure to respond to the request for discovery from her. On February 23, 2007, Defendant called Plaintiff and left a message for her on her cell phone, the only number that she had provided, that Defendant had Re-Noticed her deposition for March 15, 2007 [Ex. F.] and that we had been advised by our courier that there was no one living at the address that she had provided.

7. On March 1, 2007, Plaintiff called Defendant's attorney to advise of her new address and that she was "98% sure that she will be able to attend the deposition on March 15, 2007."

8. On March 12, 2007, Plaintiff called again and refused to attend the deposition scheduled for March 15, 2007. Plaintiff requested that Defendant schedule her deposition for March 26th or March 30th.  Defendant then advised Plaintiff, that Defendant would re-notice, yet again, her deposition for March 30th.

9. On March 16, 2007, Defendant, for the third time,  Re-Noticed the deposition of Plaintiff, Helen Martin, for March 30, 2007 [Ex. G.] as she had  requested.  She was served with that notice [Ex. H.] Plaintiff also noticed her own deposition for March 30, 2007. [Ex.I.]

10. On the day of her deposition on March 30, 2007 at 8:54 a.m., Plaintiff called Defendant's counsel and, again, stated  that she would not be attending the deposition and that she had scheduled an appointment to meet and possibly retain an attorney.  Plaintiff was advised that Defendant would then file a Motion to compel or dismiss and was told that she also had to respond to the Rule 26 discovery.  She was advised that if she had an attorney s(he) could contact

Defendant but that her failure to attend again would be responded to by Defendant. Plaintiff's

response was "okey dokey" and she hung up.

11.  Defendant's counsel hereby certifies that Defendant has in good faith conferred or

attempted to confer with the Plaintiff in an effort to secure her deposition and discovery without

court action.

12.  The discovery cut-off is May 29, 2007 and Defendant requests that the Court enter an

order requiring Plaintiff to appear for her deposition and to extend that date and dispositive

motion dates  for the Defendant if further discovery is necessary as a result of her deposition

testimony.


**WHEREFORE**, Defendant moves this Court for an Order compelling Plaintiff to attend

on a date certain for her deposition and to pay Defendant's expenses including attorneys' fees if

she fails again to provide discovery or to attend and be deposed.

Respectfully submitted,


**RICHARD R. WIER, JR., P.A.**

Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222



JS 44  (Rev. 11.04)

# CIVIL COVER SHEET

C 6 - 3 0 3

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

(b)  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

2006 MAY

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☑ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1353

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____
**Plaintiff**

V.

_____
**Defendant(s)**

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER: 06 - 303

I, _____ declare that I am the (check appropriate box)

[X] Petitioner/Plaintiff/Movant        [ ] Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently incarcerated?    [ ] Yes    [X] No    (If "No" go to Question 2)

      If "YES" state the place of your incarceration _____

      **Inmate Identification Number (Required):**_____

      Are you employed at the institution? _____ Do you receive any payment from the institution? _____

      _Attach a ledger sheet from the institution of your incarceration showing at least the past six months' transactions_

2.    Are you currently employed?    [ ] Yes    [X] No

      a.    If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your employer.

      b.    If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.    In the past 12 twelve months have you received any money from any of the following sources?

|      |                                                   | Yes | No |
|------|---------------------------------------------------|-----|-----|
| a.   | Business, profession or other self-employment     | [ ] Yes | [X] No |
| b.   | Rent payments, interest or dividends              | [ ] Yes | [X] No |
| c.   | Pensions, annuities or life insurance payments    | [ ] Yes | [ ] No |
| d.   | Disability or workers compensation payments       | [ ] Yes | [ ] No |
| e.   | Gifts or inheritances                             | [ ] Yes | [ ] No |
| f.   | Any other sources                                 | [ ] Yes | [X] No |

If the answer to any of the above is "YES" describe each source of money and state the amount received _AND_ what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)
DELAWARE (Rev. 4/05)

4.    Do you have any cash or checking or savings accounts?          ☐ Yes          ☐ No

      If "Yes" state the total amount  $ _____

5.    Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?

                                                                      ☐ Yes          ☐ No

      If "Yes" describe the property and state its value.

      _____

6.    List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support, OR state NONE if applicable.

      N/A

      I declare under penalty of perjury that the above information is true and correct.

      _____          _____
             DATE                          SIGNATURE OF APPLICANT

**NOTE TO PRISONER:  A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

HELEN D. MARTIN,

    Plaintiff

        v.

PACHULSKI, STANG, ZEIHL,
YOUNG & JONES, P.C.

    Defendant.

CIVIL ACTION NO.

0 6 - 3 0 3

2006 MAY -8 PM 4:09

## COMPLAINT

1.    Plaintiff is an adult individual residing at 616 West 8th Street, Wilmington, Delaware.

2.    Defendant is a professional corporation maintaining offices in the City of Wilmington, Delaware

3.    Jurisdiction of this court is premised upon 28 U.S.C. Section 1343, as this case involves a federal question and a claim of deprivation of civil rights.

4    Venue of this action is proper in the District of Delaware pursuant to 28 U.S.C. Section 1391, as the cause of action arose in Delaware.

5.    On or about January 10, 2000, Plaintiff became employed as a Managing Supervisor for the DE office file room

6    Throughout the duration of Plaintiff's employment, until January 27, 2003, Defendant created a racially hostile work environment and discriminated against Plaintiff because of her race.

7.    As a result of Defendant's conduct, Plaintiff was forced to quit her employment on January 27, 2003, under circumstances amounting to a constructive discharge.

8.    The act of Defendant in discriminating against Plaintiff is in violation of Plaintiff's rights under the Constitution and in violation of 42 U.S.C. Section 1983.

9.    The conduct of Defendant was also in violation Plaintiff's rights under the State Discrimination Act of the State of Delaware.

10.    Plaintiff submitted her charge of discrimination of the Equal Employment Opportunity Commission and the corresponding state agency.

11.    Plaintiff has received a "right to sue letter" from the EEOC and this compliant is being filed within ninety (90) days of Plaintiff's receipt of that letter.  A copy of the letter is attached hereto.

WHEREFORE, Plaintiff, Helen D. Martin, Respectfully requests this Honorable Court enter judgment in her favor, and against Defendant, together with reinstatement, full back pay and retroactive benefits, together with such further relief as deemed appropriate by the Court.

HELEN D. MARTIN
Pro se

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Helen D. Martin
616 West 8th Street
Wilmington, DE 19801

From: Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00191 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso_

Marie M. Tomasso,
District Director

February 6, 2006

(Date Mailed)

Enclosure(s)

cc: PACHULSKI, STANG, ZIEHL, YOUNG &
Jones
919 Market Street
Wilmington, DE 19801



# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you **receive this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the
date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent
that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is
signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after
talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement
of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the
charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.
Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be
brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk
of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy
decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit *before*
7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000.  This time limit for filing an EPA suit is
separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above.  Therefore, if you also
plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90
days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request** within 6 months **of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



UNITED STATES POSTAGE
$ 00.39⁰
FEB 08 2006
0004601475
MAILED FROM ZIP CODE 19106

Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515

AO 240 (Rev. 10/03)
DELAWARE (Rev. 3/05)

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____
Plaintiff

V.

_____
Defendant(s)

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:    06 - 303

I, _____    declare that I am the (check appropriate box)

☒ Petitioner/Plaintiff/Movant        ☐ Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently incarcerated?    ☐ Yes    ☒ No    (If "No" go to Question 2)

If "YES" state the place of your incarceration _____

**Inmate Identification Number (Required):** _____

Are you employed at the institution? _____ Do you receive any payment from the institution? _____

_Attach a ledger sheet from the institution of your incarceration showing at least the past six months' transactions_

2.    Are you currently employed?    ☐ Yes    ☒ No

a.    If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your employer.

b.    If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.    In the past 12 twelve months have you received any money from any of the following sources?

| | | | |
|---|---|---|---|
| a. | Business, profession or other self-employment | ☐ Yes | ☐ No |
| b. | Rent payments, interest or dividends | ☐ Yes | ☐ No |
| c. | Pensions, annuities or life insurance payments | ☐ Yes | ☐ No |
| d. | Disability or workers compensation payments | ☐ Yes | ☐ No |
| e. | Gifts or inheritances | ☐ Yes | ☐ No |
| f. | Any other sources | ☐ Yes | ☐ No |

If the answer to any of the above is "YES" describe each source of money and state the amount received AND what you expect you will continue to receive.

AO 240 Reverse (Rev. 3/01)
DELAWARE (Rev. 4/05)

4.    Do you have any cash or checking or savings accounts?                    ☐ Yes        ☐ No

      If "Yes" state the total amount  $ _____

5.    Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other
      valuable property?

                                                                              ☐ Yes        ☐ No

      If "Yes" describe the property and state its value.

6.    List the persons who are dependent on you for support, state your relationship to each person and
      indicate how much you contribute to their support, *OR* state *NONE* if applicable.

I declare under penalty of perjury that the above information is true and correct.

_____        _____        _____
DATE                                     SIGNATURE OF APPLICANT

**NOTE TO PRISONER:**  A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional
officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.
If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified
statement of each account.

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------------------------------------

HELEN D. MARTIN

        Plaintiff,

      -against-                   C.A. No.: 06-303 (GMS)

PACHULSKI, STANG, ZIEHL,
YOUNG & JONES, P.C.,

        Defendant,

    -----------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

I, Ronald Lennon, of the state of Delaware, County of New Castle, being duly sworn, says that on the 27th day of November, 2006, at 7:12 p.m., I personally served a copy of an ANSWSER on the plaintiff **HELEN D. MARTIN**, at the address of 616 W. 8th Street, Wilmington, DE 19801.

Name of individual personally served: Helen D. Martin.

_Ronald Lenna_

Subscribed and sworn before me
this 27th day of November, 2006.

_Cary M Stla_
Notary Public

My commission expires:

CARLY M STLA
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 24, 2007

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro se*
  Plaintiff

v.

PACHULSKI, STANG, ZIEHL,
YOUNG & JONES, P.C.,
  Defendant

§
§
§
§
§
§
§
§
§

C.A. No.: 06-303 (GMS)

## ANSWER

NOW COMES, Pachulski, Stang, Zeihl, Young & Jones, P.C., Defendant in the above-captioned matter, which Answers the Complaint as follows:

1. Admitted that Plaintiff is an adult individual.  Defendant is without sufficient information or belief to admit or deny her residence.

2. Admitted.

3. This paragraph states a legal conclusion to which a responsive pleading is not required.

4. This paragraph states a legal conclusion to which a responsive pleading is not required.

5. Admitted that Plaintiff began employment on January 10, 2000.  Admitted that she was a file room supervisor.

6. This paragraph fails to allege facts or state a claim for relief.  Denied that Plaintiff was ever subjected to a hostile work environment or discriminated against because of her race.

7. This paragraph fails to allege facts or state a claim for relief.  Admitted that Plaintiff resigned her employment on January 13, 2003 effective January 27, 2003.  Denied that Plaintiff

was forced to quit her employment as a result of Defendant's conduct or under circumstances amounting to a constructive discharge.

8. Denied.

9. Denied.

10. Admitted that Plaintiff filed administrative claims with the Delaware Department of Labor and the Equal Opportunity Commission.

11. Defendant is without sufficient information or belief to affirm or deny when the Plaintiff received notice that her charge would be dismissed by the EEOC. Denied that the complaint is timely filed.

## AFFIRMATIVE DEFENSES

**FIRST**: The Complaint fails to state a claim(s) upon which relief may be granted.

**SECOND**: The complaint was untimely and barred by the applicable statutes of limitations.

**THIRD**: Plaintiff failed to exhaust her administrative remedies and/or to comply with conditions precedent to filing suit.

**FOURTH**: Plaintiff failed to mitigate her damages.

**FIFTH**: Defendant is not a state actor or acting under color of state law within the meaning of 42 USC § 1983.

**SIXTH**: Plaintiff 's complaint is frivolous, without any basis in fact, in violation of F.R.C. Pro. 11 and otherwise entitling Defendant to recover its costs and expenses, including its attorneys' fees.

**SEVENTH**: Plaintiff has unclean hands.

**EIGHTH**: The Court lacks jurisdiction over state law claims, if any, and or should not exercise jurisdiction over any such claims.

**WHEREFORE**, Defendant prays that the Complaint be dismissed and that judgment be entered in its favor together with its costs, expenses, attorneys' fees and such other relief as may be just and equitable under the circumstances.

RESPECTFULLY SUBMITTED,

**RICHARD R. WIER, JR., P.A.**

Richard R. Wier, Jr. ( #716)
Two Mill Road, Suite 200
Wilmington, DE 19806
Rwier@wierlaw.com
302.888.3222
Attorneys for Defendant

DATED: November 24, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELEN D. MARTIN, _Pro Se_<br>Plaintiff | § § § § | |
| v. | § § | C.A. No.: 06-303 (GMS) |
| PACHULSKI, STANG, ZIEHL,<br>YOUNG & JONES, P.C.,<br>Defendant | § § § § | |

## CERTIFICATE OF SERVICE

I certify that on this _24th_ day of November 2006, I electronically filed the attached document with the Clerk using CM/ECF and two copies of the attached Answer have been served BY FIRST CLASS MAIL and BY HAND on:

Helen D. Martin, **_pro se_**
616 W. 8th Street
Wilmington, DE 19801


RICHARD R. WIER, JR., P.A.

_Richard R. Wier_

Richard R. Wier, Jr. ( #776)
Two Mill Road, Suite 200
Wilmington, DE 19806
rwier@wierlaw.com
302-888-3222
Attorney for Defendant


DATED: November 24, 2006



# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HELEN D. MARTIN**, _Pro Se_<br>Plaintiff | § § § § § § § § § | |
| | | **C.A. No.: 06-303 (GMS)** |
| **PACHULSKI, STANG, ZIEHL,**<br>**YOUNG & JONES, P.C.,**<br>Defendant | | |

## MANDATORY DISCLOSURES BY DEFENDANT
## PURSUANT TO FED. R. CIV. P. 26(a)

NOW COMES Defendant, by and through counsel, pursuant to Fed. R. Civ. P. 26(a), which reserves the right to supplement this information and states:

1.    A.  Individuals likely to have discoverable information that may be used to support Defendant's claims or defenses, unless solely for impeachment.  In addition to the defendant:

**Answer**

Karen Sheeler c/o PACHULSKI, STANG, ZIEHL, YOUNG & JONES, P.C.

Donna J. Carr c/o PACHULSKI, STANG, ZIEHL, YOUNG & JONES, P.C.

Laura Davis Jones, Esquire c/o PACHULSKI, STANG, ZIEHL, YOUNG & JONES

B.  A description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Defendant and that Defendant may use to support his claims or defenses, unless solely for impeachment.

**Answer**

No cause finding of DDOL

Payroll and personnel records of Plaintiff.

Salary history and records of employees establishing no discrimination.

Employee Handbook and Acknowledgment Form signed by Plaintiff.

C.  A computation of damages claimed.

**Answer**

Not applicable since Plaintiff is not entitled to damages.

D.  Any insurance agreement which may be available to satisfy part or all of a judgment which may be entered in the action.

**Answer**

Objected to as not likely to lead to discovery of admissible evidence since existence of any insurance is not relevant until a judgement is obtained.

2.    A.  The disclosure of any person who may be used at trial to present evidence.

**Answer**

Objected to as premature and work product. Trial witnesses will be disclosed in accordance with any Pretrial Order.

Respectfully submitted,
**RICHARD R. WIER, JR., P.A.**

/s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro Se* §
                    Plaintiff §
                              §
                              §
                              §
        v.                    §          C.A. No.: 06-303 (GMS)
                              §
PACHULSKI, STANG, ZIEHL,      §
YOUNG & JONES, P.C.,          §
                    Defendant §

## CERTIFICATE OF SERVICE

I certify that on this _6ᵗʰ_ day of December 2006, I electronically filed the attached document with the Clerk using CM/ECF and two copies of the attached document have been served BY FIRST CLASS MAIL on:

Helen D. Martin, *pro se*
616 W. 8ᵗʰ Street
Wilmington, DE 19801

                    RICHARD R. WIER, JR., P.A.


                    Richard R. Wier, Jr. (#716)
                    Two Mill Road, Suite 200
                    Wilmington, DE 19806
                    rwier@wierlaw.com
                    302.888.3222
                    Attorney for Defendant

DATED: December 6, 2006



# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro Se*   :
           :
    Plaintiff,   :
           :
   v.        :  C.A. No.: 06-303 (GMS)
           :
PACHULSKI, STANG, ZIEHL, :
YOUNG and JONES, P.C.,  :
           :
    Defendant.  :

## NOTICE OF DEPOSITION

To: Helen D. Martin, *pro se*
  616 West 8th Street
  Wilmington, DE 19801

   PLEASE TAKE NOTICE that Defendants will take the deposition of Plaintiff Helen D.

Martin on January 31, 2007, beginning at 10 a.m., before a notary public or other person

authorized to administer oaths. The deposition will take place at the Law Offices of Richard R.

Wier, Jr., Two Mill Road, Suite 200, Wilmington, Delaware 19806 and will be recorded

stenographically.

        **RICHARD R. WIER, JR., P.A.**


         /s/ Richard R. Wier, Jr.
         Richard R. Wier, Jr. (#716)
         Two Mill Road, Suite 200
         Wilmington, DE 19806
         (302)888-3222

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this __16th__ day of January 2007 that I caused a true and correct copy of

the attached Notice of Deposition to be served BY FIRST CLASS MAIL and BY HAND on:

Helen D. Martin, *pro se*
616 West 8th Street
Wilmington, DE 19801

**RICHARD R. WIER, JR., P.A.**

_/s/ Richard R. Wier, Jr._
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222



AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

#### DISTRICT OF DELAWARE

HELEN D. MARTIN, Pro Se

v.

PACHULSKI, STANG, ZIEHL,
YOUNG and JONES, P.C.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 06-303 (GMS)

TO: Helen D. Martin
616 West 8th Street
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Richard R. Wier Jr., P.A<br>Two Mill Road - Suite 200<br>Wilmington, DE 19806 | Wednesday, January 31, 2007<br>@ 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Richard R. Wier* | 1/15/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard R. Wier Jr.
Two Mill Road - Suite 200, Wilmington, DE 19806  (302) 888-3222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/29/07 | 616 W. 8TH STREET WILMINGTON, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| HELEN MARTIN | ACCEPTED BY   NON-EST NOT AT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DENORRIS BRITT | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        1/29/07
                         DATE

_(signature)_

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.



## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro Se*  :
           :
   Plaintiff,    :
           :
  v.        :  C.A. No.: 06-303 (GMS)
           :
PACHULSKI, STANG, ZIEHL, :
YOUNG and JONES, P.C.,  :
           :
   Defendant.   :

### RE-NOTICE OF DEPOSITION

To: Helen D. Martin, *pro se*
  616 West 8th Street
  Wilmington, DE 19801

   PLEASE TAKE NOTICE that Defendants will take the deposition of Plaintiff Helen D.

Martin on March 15, 2007, beginning at 10 a.m., before a notary public or other person

authorized to administer oaths.  The deposition will take place at the Law Offices of Richard R.

Wier, Jr., Two Mill Road, Suite 200, Wilmington, Delaware 19806 and will be recorded

stenographically.

         **RICHARD R. WIER, JR., P.A.**


         /s/ Richard R. Wier, Jr.
         Richard R. Wier, Jr. (#716)
         Two Mill Road, Suite 200
         Wilmington, DE 19806
         (302)888-3222

## CERTIFICATE OF SERVICE

I certify that on this __19th__ day of February 2007 that I caused a true and correct copy of

the attached Notice of Deposition to be served BY FIRST CLASS MAIL and BY HAND on:

Helen D. Martin, *pro se*
616 West 8th Street
Wilmington, DE 19801

**RICHARD R. WIER, JR., P.A.**

_/s/ Richard R. Wier, Jr._
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222



## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

HELEN D. MARTIN, *Pro Se*       :
                                    :

        Plaintiff,                 :

                                     :

        v.                         :      C.A. No.: 06-303 (GMS)

                                     :

PACHULSKI, STANG, ZIEHL,      :

YOUNG and JONES, P.C.,        :

                                     :

        Defendant.              :

## <u>RE-NOTICE OF DEPOSITION</u>

To:    Helen D. Martin, *pro se*
       3 E. 24th Street
       Wilmington, DE 19802

       PLEASE TAKE NOTICE that Defendants will take the deposition of Plaintiff Helen D.

Martin on March 30, 2007, beginning at 10 a.m., before a notary public or other person

authorized to administer oaths. The deposition will take place at the Law Offices of Richard R.

Wier, Jr., Two Mill Road, Suite 200, Wilmington, Delaware 19806 and will be recorded

stenographically.

                                    **RICHARD R. WIER, JR., P.A.**

                                  /s/ Richard R. Wier, Jr.
                                Richard R. Wier, Jr. (#716)
                                Two Mill Road, Suite 200
                                Wilmington, DE 19806
                                (302)888-3222

## CERTIFICATE OF SERVICE

I certify that on this __16th__ day of March 2007 that I caused a true and correct copy of

the attached Notice of Deposition to be served BY FIRST CLASS MAIL and BY HAND on:

Helen D. Martin, *pro se*
3 E. 24th Street
Wilmington, DE 19802

**RICHARD R. WIER, JR., P.A.**

__/s/ Richard R. Wier, Jr.__
Richard R. Wier, Jr. (#716)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222



## Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

HELEN D. MARTIN, Pro Se

V.

PACHULSKI, STANG, ZIEHL.
YOUNG and JONES, P.C.,

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: ¹O6·303 (GMS)

TO: Helen D. Martin
3 E. 24ᵗʰ Street
Wilmington, DE 19802

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

| | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

ACE OF DEPOSITION
Richard R. Wier, Jr., P.A.
Two Mill Road · Suite 200
Wilmington, DE 19802

| | DATE AND TIME |
|---|---|
| | March 30, 2007 @ 10:00a |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any documents relating, identing n refring to your claim, any documents showing earnings, work, n psychological/medical issues, any documents you rely upon to establish your claim.

PLACE

| | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES

| | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

_Richard R. Wier_

| | DATE |
|---|---|
| | 3/16/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard R. Wier, Jr.
Two Mill Road · Suite 200
Wilmington, DE 19806   (302) 888·3222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | 3/19/07 | 3 E 24TH STREET<br>WILM. DE |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| HELEN MARTIN | ACCEPTED BY<br>HELEN MARTIN |

| SERVED BY (Print Name) | TITLE |
|---|---|
| JAVIER SANCHEZ | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on:    3/19/07

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P. 0. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475 - 2600

Superior Court Civil Rule 45, Parts C, D & E*

*(c) Protection of Persons subject to Subpoenas*

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) *Contempt.*

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of court.



IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF DELAWARE

HELEN D. MARTIN, *Pro Se*

    Plaintiff

           v.

PACHULSKI, STANG, ZEIHL,
YOUNG & JONES, P.C.

    Defendant.

C. A. No.: 06-303 (GMS)

## NOTICE OF DEPOSITION

To:    The Honorable Gregory M. Sleet
       U.S. District Court
       District of Delaware
       844 King Street, 6th Floor
       Wilmington, DE  19801

       Richard R. Wier, Jr., Esquire
       Richard R. Wier, Jr., P.A.
       Two Mill Road, Suite 200
       Wilmington, DE  19806

    PLEASE TAKE NOTICE that the Plaintiff have scheduled her deposition for **March 30, 2007 at 10:00 a.m.** at the Defendants' offices locate at Richard R. Wier, Jr., Esquire, Richard R. Wier, Jr., P.A., Two Mill Road, Suite 200, Wilmington, DE  19806.

                    **HELEN D. MARTIN**
                    ***Pro SE***

                    Helen D. Martin
                    3 E. 24th Street
                    Wilmington, DE  19802
                    (302) 888-0236

DATED: March 15, 2007

CERTIFICATE OF SERVICE

I, HELEN D. MARTIN certify that on this 15th, day of March 2007 I caused an original

of the **Notice of Deposition** to be served via HAND DELIVERY and FIRST CLASS MAIL on:

**HAND DELIVERY**
The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 King Street, 6th Floor
Wilmington, DE  19801

**FIRST CLASS MAIL**
Richard R. Wier, Jr., Esquire
Richard R. Wier, Jr., P.A.
Two Mill Road, Suite 200
Wilmington, DE  19806
*Attorney for Defendant*


HELEN D. MARTIN
*Pro Se*